RENDERED: DECEMBER 9, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1140-MR

HEIDI WEATHERLY D/B/A LAKE
CUMBERLAND BOOKING AND
PROMOTIONS                                                      APPELLANT

                          APPEAL FROM LAUREL CIRCUIT COURT
v.                      HONORABLE KENT HENDRICKSON, JUDGE
                          ACTION NO. 12-CI-00943

EUBANKS BROADCASTING, INC.
D/B/A WKDP-AM, WKDP-FM AND
WCTT-FM                                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, McNEILL, AND K. THOMPSON, JUDGES.

McNEILL, JUDGE: Heidi Weatherly ("Weatherly") appeals from the Laurel

Circuit Court's order dismissing her case for failure to prosecute. Finding no error,

we affirm.

BACKGROUND

Weatherly is a concert promoter doing business as Lake Cumberland Booking and Promotions. In 2011, she produced two concerts to benefit St. Jude's Children's Research Hospital, allegedly as part of a fundraising effort organized by WKDP, a radio station owned by appellant, Eubanks Broadcasting, Inc. ("Eubanks"). The concerts were unsuccessful and Weatherly sued Eubanks, alleging it was liable for damages due to its failure to promote the event. The case lingered for years and in 2019, Eubanks moved to dismiss the complaint for failure to prosecute pursuant to CR[1] 41.02.

Below is a timeline of the case's progression:

- September 28, 2012: Weatherly files complaint.

- June 4, 2014: Weatherly takes depositions.

- February 12, 2015: Weatherly responds to discovery requests.

- May 5, 2015: Weatherly responds to discovery requests.

- March 15, 2017: The trial court enters CR 77.02 notice to dismiss for lack of prosecution.

- May 8, 2017: Weatherly files motion to set trial for trial.

- August 9, 2017: The trial court judge recuses.

- September 14, 2017: Weatherly takes deposition.

---

[1] Kentucky Rules of Civil Procedure.

- April 12, 2018: Special judge is assigned.

- July 9, 2018: Weatherly files motion for substitution of counsel, motion to refer case to mediation, and notice of discovery requests.

- July 12, 2018: Court makes docket notation for judge and parties to set jury trial dates via phone conference.

- August 6, 2018: Weatherly files first amended complaint.

- January 28, 2019: Weatherly's counsel withdraws.

- April 25, 2019: Weatherly does not appear for status hearing set by court.

- May 5, 2019: Eubanks files motion to dismiss for failure to prosecute.

- August 16, 2019: Weatherly files motion to set trial dates.

On July 15, 2021,[2] the trial court granted the motion to dismiss, finding that based upon the totality of the circumstances Weatherly had not diligently prosecuted her case. This appeal followed.

ANALYSIS

We review CR 41.02 dismissals for lack of prosecution under an abuse of discretion standard. *Jaroszewski v. Flege*, 297 S.W.3d 24, 27 (Ky. 2009). "Under this standard of review, we will reverse the trial court's dismissal only if it was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Jones v. Pinter*, 642 S.W.3d 698, 701 (Ky. 2022) (citation omitted).

---

[2] It is unclear from the record why there is a two-year gap between the filing and granting of the motion to dismiss, although presumably the COVID-19 pandemic contributed to the delay.

Weatherly argues the trial court abused its discretion in dismissing her case for failure to prosecute. However, before we reach the merits of her claim, we must address the deficiency of Weatherly's appellate brief. Her argument section fails to make "reference to the record showing whether the issue was properly preserved for review and, if so, in what manner" as required by CR 76.12(4)(c)(v). We require a statement of preservation:

> so that we, the reviewing Court, can be confident the issue was properly presented to the trial court and therefore, is appropriate for our consideration. It also has a bearing on whether we employ the recognized standard of review, or in the case of an unpreserved error, whether palpable error review is being requested and may be granted.

*Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012).

"Our options when an appellate advocate fails to abide by the rules are: (1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, CR 76.12(8)(a); or (3) to review the issues raised in the brief for manifest injustice only[.]" *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010) (citing *Elwell v. Stone*, 799 S.W.2d 46, 47 (Ky. App. 1990)). Because the record is small, and we have been able to determine whether her arguments were properly preserved, we will ignore the deficiency and proceed with the review.

CR 41.02 authorizes a trial court to involuntarily dismiss an action for failure to prosecute. "[P]rosecution in this context essentially entails pursuing the case diligently toward completion or, in other words, actually working to get the case resolved – not just keeping it on a court's docket or occasionally working on the file without actively attempting to resolve matters in dispute." *Jaroszewski*, 297 S.W.3d at 32 (internal quotation marks and alteration omitted). Prosecuting a case diligently to completion "involves, not only preparing one's own case, but also reasonably cooperating with the opponent's active attempts to prepare its case, such as responding timely to discovery requests." *Id.* The purpose of the rule is "to protect the defendant from the prejudice of being a defendant in a lawsuit for a protracted period" and "to preserve the integrity of the judicial system by encouraging quick resolution of cases[.]" *Id.* at 36 (internal quotation marks and citations omitted).

Proper consideration of a CR 42.01 motion "cannot be reduced to a simple formula[.]" *Jaroszewski*, 297 S.W.3d at 32. Instead, "each case must be looked at with regard to its own peculiar procedural history and the situation at the time of dismissal." *Id.* (footnote omitted). "[T]he trial court must base its decision to dismiss under CR 41.02 upon the totality of the circumstances[.]" *Id.* at 36.

In considering the totality of the circumstances, trial courts may consider "1) the extent of the party's personal responsibility; 2) the history of

dilatoriness; 3) whether the attorney's conduct was willful and in bad faith; 4) meritoriousness of the claim; 5) prejudice to the other party, and 6) alternative sanctions." *Ward v. Housman*, 809 S.W.2d 717, 719 (Ky. App. 1991) (citation omitted). "When reviewing dismissal for failure to prosecute, we must balance the broad discretion given to trial courts with the extreme nature of dismissal of a civil action with prejudice under CR 41.02(1)." *Jones*, 642 S.W.3d at 703 (citation omitted).

Weatherly argues the trial court's findings supporting dismissal were insufficient and the dismissal itself was an abuse of discretion. We disagree. The trial court found that, based upon the totality of the circumstances, Weatherly had not diligently pursued her case towards completion. In analyzing the *Ward* factors, the court found that all six factors weighed in favor of dismissal.

It specifically found "a long history of dilatory behavior" that was Weatherly's personal responsibility. As examples, the court cited her misleading complaint[3] which "certainly contributed to[] the denial of [Eubank's] motion to dismiss at the beginning of this action"; her delay in responding to discovery until ordered to do so; her reactive, rather than proactive, style of prosecuting her case (only filing motions to set for trial in response to motions to dismiss); and a two-

---

[3] The complaint alleged that an agent of Eubanks "contacted the plaintiff to induce her to produce at her expense a benefit concert[.]" Later discovery revealed that Weatherly and a Eubanks employee came up with the idea together.

-6-

year period of inactivity in the case while Weatherly attended law school. It also found that much of Weatherly's dilatory behavior was done in bad faith, including filing motions to set for trial "solely to prevent dismissal[.]"

As to the meritoriousness of her claim, the trial court found that her ability to prove damages was weak based upon the apparent lack of records and changing dollar amount.[4] It further found Weatherly's dilatory behavior has prejudiced Eubanks' ability to defend itself, noting the recent change in Weatherly's claimed damages, seven years into discovery. Finally, the court found that based upon the history of dilatory behavior, no other sanction was appropriate.

We cannot say the trial court abused its discretion in dismissing Weatherly's complaint for failure to prosecute. This simple contract case was over seven years old at the time of the motion to dismiss, with long periods of inactivity, most of it Weatherly's responsibility. Particularly revealing is the almost two years of inactivity while Weatherly went to law school. While laudable, we do not believe the time taken pursuing a law degree qualifies as "pursuing the case diligently towards completion" as required by CR 41.02 and our case law interpreting it.

---

[4] Weatherly raised her claim for damages from $15,477.00 to $30,000.00 in response to the motion to dismiss.

Weatherly's only specific challenge to the trial court's findings is its "totally illogical conclusion" that her motions to set for trial were reactive and thus evidence of failure to prosecute. However, "it is entirely proper for a trial court to consider that a plaintiff has only been acting reactively . . . as a relevant factor indicating that the plaintiff has not been actively prosecuting the case." *Jaroszewski*, 297 S.W.3d at 38. Here, both of Weatherly's motions to set trial dates were filed in direct response to the threat of dismissal. The trial court's finding was reasonable and supported by substantial evidence.

Based upon the foregoing, the order of the Laurel Circuit Court is affirmed.

COMBS, JUDGE, CONCURS

THOMPSON, K., JUDGE, CONCURS IN RESULT ONLY.

BRIEF FOR APPELLANT:

Tommie L. Weatherly
London, Kentucky

Johnnie L. Turner
Harlan, Kentucky

James L. Cox
Mt. Vernon, Kentucky

BRIEF FOR APPELLEE:

D. Randall Jewell
Barbourville, Kentucky